JAMES M. ANDREWS, Receiver, etc., Respondent, *v.* THE GLENVILLE WOOLEN COMPANY, Appellant.

Where proceedings conducted by one party for his own benefit in the name of another are restrained by an injunction directed to the nominal party, the damages and expenses incurred by the real party in interest in procuring a discharge of the injunction will be presumed in law to have been incurred by the defendant on the record, and are recoverable in his name for the benefit of the real party in interest.

On an assessment of damages upon an undertaking given upon the granting of a temporary injunction which restrained legal proceedings for the collection of a demand, it is not competent to go into the merits of the proceedings restrained, unless the party prosecuting the reference claims as damages the loss of his demand.

Expenses properly incurred on the part of the defendant for the purpose of dissolving an injunction are legally allowable as damages, and when a motion has been made to dissolve the injunction, which was denied, not upon the merits or for irregularity, but because the court in its discretion thought it advisable to defer the inquiry into the merits until the final hearing, the expenses of the motion and also counsel fees upon the trial are proper items of damages.

(Submitted June 18, 1872; decided November 12, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term confirming the report of a referee upon assessment of damages occasioned by an injunction herein. The injunction order restrained defendant, its attorney, etc., and all persons acting in its name, from taking any steps to compel the payment of certain judgments which had been recovered in the name of defendant.

These judgments were recovered in the name of the company by persons who claimed to be attaching creditors, and who claimed the right to conduct the actions through their own attorney, using the name of the company pursuant to the provisions of sections 232 and 238 of the Code. The order of injunction was granted upon allegations that certain other creditors had attached the demands upon which the judgments were obtained, and had proceeded to judgment and execution

against the company, and in proceedings supplementary to execution plaintiff had been appointed receiver of the demand, and was entitled to collect them. Plaintiff gave the usual undertaking. A motion was made to dissolve the injunction, which was denied, the court declining to inquire into the merits until the final hearing. On the final hearing plaintiff's complaint was dismissed, and the attorney who had prosecuted in the name of the company the actions enjoined obtained the usual order of reference to ascertain the damages sustained by the injunction. Plaintiff objected upon the hearing that as it appeared that defendant was merely a nominal party, having no interest in the result, it sustained no damages, and that the attaching creditors using its name were not named as defendants, nor were the undertakings made to them, and therefore they could recover no damages thereon; also, that these creditors who had assumed the right to prosecute the actions as attaching creditors had no such right, as their attachment had never been properly served. The referee overruled these objections and allowed as damages the expenses of the motion to dissolve the injunction and a counsel fee on trial, also the fees of referee on assessing of damages. For a further history of the controversy between the attaching creditors, see *O'Brien* v. *The Glenville Woolen Co.* (*ante*, p. 128).

*Henry Whittaker* for the appellant. The costs and counsel fees of the trial and of the preliminary motion to dissolve were damages sustained by reason of the injunction. (*Strong* v. *De Forrest*, 15 Abb., 427, note, p. 428; *Edwards* v. *Bodine*, 11 Paige, 223; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 613; *Coates* v. *Coates*, 1 Duer, 664; approved, 24 N. Y., 106; *Willett* v. *Scovill*, 4 Abb., 406; *Wilde* v. *Joel*, 15 How., 320, 323; *Fitzpatrick* v. *Flagg*, 12 Abb., 189.) This court favors a liberal rule of damages in cases like the present. (*Corcoran* v. *Judson*, 24 N. Y., 106; *Barton* v. *Fisk*, 30 N. Y., 171; *Coates* v. *Coates*, 1 Duer, 664; *Edwards* v. *Bodine*, 11 Penn., 224.)

*Lucien Birdseye* for the respondent. Isham not being

joined as a defendant, was not bound by the injunction, and can claim no damage under it. (1 Barb. Ch. Pr., 632; *Sage* v. *Quay*, 1 Clark, 347; see also to S. P., 19 Barb., 356, 361; affirmed, 16 N. Y., 543; *Fitzpatrick* v. *Flagg*, 12 Abb., 189.) Only costs and fees necessary to obtain a dissolution of the injunction and incurred directly on account of it are recoverable. (*Childs* v. *Lewis*, 3 Robt., 704; *Beir* v. *Heath*, 12 How. U. S., 179; 19 Curtis Decisions, 176; *Coates* v. *Coates*, 1 Duer, 664; *Edwards* v. *Bodine*, 11 Penn., 223, 227; *Wilde* v. *Joel*, 15 How. Pr., 320; *Strong* v. *De Forrest*, 15 Abb., 427; *Taacks* v. *Schmidt*, 18 id., 307, 333–335; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 613; *Willett* v. *Scovill*, 4 Abb., 405; *Fitzpatrick* v. *Flagg*, 12 id., 189; *Corcoran* v. *Judson*, 24 N. Y., 106.)

Rapallo, J. The order of injunction restrained the Glenville Woolen Company, its attorneys, etc., and all persons acting or pretending to act in its name or on its behalf, from taking any steps or proceedings to compel the payment of certain judgments which had been recovered in the name of that company against Ripley & Cameron; from which judgments appeals were pending.

These judgments had been recovered in the name of the company by persons who claimed to be attaching creditors of the company (a foreign corporation), and who also claimed the right to conduct the actions through their own attorney, and to use the name of the company therein, pursuant to the provisions of section 232 and 238 of the Code. The order of injunction was granted upon allegations that certain other creditors of the company had attached its same demands against Ripley & Cameron, and had proceeded to judgment and execution against the company; and that, in proceedings supplementary to such execution, the plaintiff had been appointed receiver of the demands in question, and was entitled to collect them.

On the final hearing the complaint of the plaintiff was dis-

missed, and a reference ordered, to ascertain the damages caused by the injunction.

The undertaking given on the granting of the order of injunction was to pay to the defendants enjoined such damages as they might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto.

The first objection taken by the plaintiff to the allowance of damages made by the referee is that, on the defendants' own showing, the Glenville Woolen Company was a merely nominal party, having no interest in the controversy, and, therefore, sustained no damages by reason of the injunction; and that the attaching creditors, who were using its name, were not named as defendants, nor was the undertaking made to them, and, therefore, they could not recover upon it any damages sustained by them.

If this objection was valid it shows that the undertaking had no force or effect whatever; and that a party who is prosecuting a claim according to law in the name of another person may be enjoined in fact, though not by name, without having the indemnity which the Code purports to provide, in case it should result that there were no grounds for the injunction. Such a conclusion should not be drawn unless clearly required by law; for it would be not only exceedingly unjust to the party whose proceedings are enjoined, but would also liberate the applicant for the injunction from the wholesome condition which the law imposes upon him of giving security for the damages he may occasion, should his claim prove to be without foundation. It seems to me more reasonable to hold that when proceedings, conducted by one party for his own benefit in the name of another, are restrained by an injunction not directed to the party in interest by his name, the damages and expenses incurred by him in procuring the discharge of the injunction should be presumed in law to have been incurred by the defendant on the record, and should be recoverable in his name for the benefit of the real party in interest.

It is objected, however, on the part of the plaintiff, that although the creditors whose proceedings were enjoined, claimed and assumed to exercise the right, as attaching creditors, to use the name of the company, having given security to the sheriff pursuant to section 238 of the Code, yet that, in point of fact, they had no such right, for the reason that their attachments had never been properly served; and, in support of this objection, the plaintiff introduced before the referee the record of a subsequent judgment in another action to which all the attaching creditors were parties, which judgment is alleged to establish that there never was any legal service of the attachments under which the proceedings enjoined were being carried on.

We think the referee was right in not sustaining this objection. No such question could properly be tried before him. On an assessment of damages, caused by an injunction which restrains legal proceedings for the collection of a demand, it is not competent to go into the merits of the proceedings restrained, unless, perhaps, in a case where the party prosecuting the reference claims as damages the loss of his demand; where, as in this case, he merely seeks to recover his expenses of getting rid of the injunction, the merits of the proceeding restrained are not a proper subject of inquiry. If the restraint was wrongful the party restrained had a legal right to have it removed, and is entitled to his expenses reasonably incurred in establishing that right. Neither was the inquiry proper in this case for the purpose of showing that the attaching creditors had no right to defend against the injunction or to prosecute the reference. The company was the defendant on the record. It had the right to defend, and the defence was made by its attorney of record, and the damages were claimed in its name. The plaintiff has no right to question, in this collateral manner, the right of the attorney to appear; nor does it concern the plaintiff whether the damages are to inure to the benefit of the company, defendant, or of others claiming through it. It is enough, as to him and his sureties, that he caused to be restrained proceedings which other parties

claimed the right to carry on, and the court has decided that
he was not entitled so to restrain them. Whether in fact the
proceedings restrained were or were not rightfully conducted
he was not in a position to try, or to compel the defendant to
try, upon the reference as to damages. The lawfulness of the
restraint was the material point upon which the liability of
the sureties depended. This question having been finally
decided adversely to the plaintiff, his sureties became liable
upon their undertaking.

Expenses properly incurred on the part of the defendant,
for the purpose of dissolving an injunction, were legally allow-
able as damages. The only items allowed by the referee were
the expenses of a motion to dissolve and a counsel fee on the
trial, together with the fees of the referee for assessing the
damages. The amounts of these several items are not the
subject of dispute.

The expenses of the motion to dissolve are objected to on
the ground that the motion was denied. But the evidence
and finding of the referee show that it was not denied upon
the merits, nor for any irregularity in making the motion,
but because the court, in its discretion, thought it more
advisable to defer the inquiry into the merits until the final
hearing. It was proper that the defendant should move, at
the earliest opportunity, to dissolve the injunction. His
motion did not fail through any fault on his part, or any
defect in the merits of his case. The court simply deferred
its decision upon the merits until the trial. The result, which
must, for the purposes of this application, be assumed to be
correct, shows that if the decision had not thus been deferred
the motion should have been granted when made. Under
these circumstances I think that the expenses of the motion
were reasonably and properly incurred, as a direct conse-
quence of the injunction, and were properly allowed by the
referee.

The other item objected to was the counsel fee upon the
trial. Ordinarily this would not be allowable; but, under
the circumstances of this case, I think it was. The defendant

made the proper effort to dissolve the injunction before the trial. The court required that the question should be deferred, to be disposed of on the trial. A trial was therefore necessary, not merely to dispose of the issues, but to get rid of the injunction. Until the cause should be tried the defendant was obliged to submit to the restraint. It was placed in that position by the order of the court, and not by its own laches.

But for the injunction, the defendant might have collected the money before any trial; and as the only relief demanded against it by the complaint was to restrain this collection, it is not certain that the case would ever have been brought to trial had the collection been first accomplished.

The question whether the order was appealable was not raised, and has not been considered.

We therefore think that the conclusions of the referee were correct, and that the order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.