## WALLACE ET AL. v. YORK ET AL.

1. **Injunction:** ACTION UPON BOND: DAMAGES. In an action upon an
injunction bond for damages for the wrongful suing out of the writ, the
plaintiff may recover for the services of counsel in the preparation of a
motion to dissolve, and affidavits to sustain it, if made in good faith,
although in fact the motion be not passed upon by the court and the
injunction only dissolved upon final hearing.

*Appeal from Marshall District Court.*

MONDAY, DECEMBER 11.

ACTION brought on an injunction bond to recover damages
sustained by the plaintiff by reason of the unlawful issuing
of the injunction. The averments in the petition were con-
troverted by the answer. The bond was conditioned to pay

all damages sustained by plaintiffs ·by reason of the wrongful issuance of the injunction. The petition states "that the injunction was an independent and not an auxiliary proceeding; that a motion was made to dissolve the injunction and affidavits filed in support of both sides of the motion, but said motion was not finally decided by the court, because the same evidence was taken by depositions in the main case." The injunction was dissolved in part by the District Court at the hearing on the merits, and wholly so on appeal to this court. Judgment was rendered by the District Court in favor of the defendants, and plaintiffs appeal.

*Brown, Stone & Sears* and *Boardman & Williams*, for appellants.

*Henderson & Norton* and *Caswell & Meeker*, for appellees.

SEEVERS, CH. J.—I. After the introduction in evidence of the bond, petition, injunction and record showing a dissolu-

1. INJUNC-TION: action upon bond: damages.

tion of the injunction at the final hearing, it was sought to prove what services were rendered by counsel for plaintiffs in regard to the dissolution of the injunction, and what efforts had been made to have the motion to dissolve the injunction heard by the court, and whether the court in substance declined to hear it. While the plaintiffs sought to prove much more, yet we are of the opinion that in some of the questions asked the testimony sought to be elicited was limited to what was done by counsel for plaintiffs with reference to the motion to dissolve as distinguished from what was done in the preparation of the cause for final hearing, and what was done at that time. In this belief we are confirmed by the argument of counsel. On the one hand it is claimed that the plaintiffs cannot recover anything, for the reason that the injunction was dissolved on final hearing, and that there could be no separate counsel fees, for the reason that the motion to dissolve was never brought on for hearing; and on the other hand, it is insisted it makes no difference when or how the injunction was dissolved, that plaintiffs are entitled to recover counsel fees.

The injunction was not independent, but auxiliary to other relief asked in the petition. If the injunction had been dissolved, the action would not have been ended, but the plaintiffs could have issued an execution and made efforts to have collected their judgment.

It was held in *Behrens v. McKenzie*, 23 Iowa, 333, that a reasonable compensation for counsel fees, in obtaining the dissolution of an injunction, might be recovered as damages, in an action on the bond, but not for defending the entire action. And in *Langworthy v. McKelvey*, 25 Iowa, 48, it was held that " attorneys' fees, paid for legal services in procuring the dissolution of the injunction," could not be recovered in an action on the bond, because it appeared the injunction was dissolved " upon hearing and adjudication of the case, and not upon a motion to dissolve, nor otherwise than upon a defense to the suit on its merits."

This case is not conclusive upon the question presented in the case at bar, for the reason no motion to dissolve was filed, or any effort whatever made looking to a dissolution, except by a hearing on the merits.

In *Andrews v. Glenville Woolen Co.*, 50 N. Y., 282, a motion was made to dissolve the injunction, " which was denied, the court declining to inquire into the merits until the final hearing," and it was held that the " expenses of the motion to dissolve, and a counsel fee on the trial," could be recovered in an action on the bond. In this case it was clearly and distinctly shown that the court declined to inquire into the merits until the final hearing. In the case at bar an averment of that character does not so distinctly and clearly appear. But, in the absence of a motion for a more specific statement, we are of the opinion the petition is sufficient in this respect; otherwise it could not be said, " the motion was not finally decided by the court, because the same evidence was taken by depositions in the main case."

The motion could not be determined without an inquiry into the merits, and in this respect the case is identical with *Andrews v. Glenville Woolen Co.*, *supra*. It was right and proper to file the motion to dissolve, and make preparation to

sustain it by affidavits, and if done in good faith for the pur-
pose of procuring a dissolution, and the court declined to hear
it, we are of the opinion, for the services of cousel in the pre-
paration of the motion, separate and apart from the fees of the
counsel in the preparation and trial of the main action, there
may be a recovery in this action. If the motion was not filed
in good faith or called up and a ruling thereon in good faith
sought, then there can be no recovery. If the plaintiffs paid
anything to officers as fees for swearing affiants to the affidavits
and the same have not been taxed as costs in the original case
and paid, such fees would come within the rule above stated.
But the plaintiffs should not be allowed anything for time
spent in making affidavits.

The objection that the petition is not sufficient to warrant
the introduction of any evidence is not well taken.

As the case is presented in the abstract before us, we are
of the opinion the plaintiffs were entitled to recover some-
thing; it was, therefore, error to reject at least a portion of
the evidence offered.

REVERSED.