ELIZABETH LANGDON, APPELLANT, *v.* LANDON C. GRAY AND ELIZABETH B. PHELPS, RESPONDENTS.

*Undertaking to procure an injunction—when the sureties thereto are not liable for the costs of an unsuccessful motion to dissolve the injunction.*

On the hearing of an unsuccessful application to dissolve a temporary injunction granted in this action, the defendants' counsel confined his objections to alleged defects in the plaintiff's papers, and did not use affidavits relating to the merits of the action, which he had previously prepared. Upon the trial of the action the complaint was dismissed.

Upon a reference ordered to ascertain the damages sustained by reason of the injunction, *Held*, that the sureties to the undertaking were not liable for the costs and expenses of the unsuccessful application to dissolve the injunction.

APPEAL from an order confirming the report of a referee appointed to fix the amount of damages sustained, by reason of a temporary injunction granted herein.

The plaintiff brought an action against the defendant Gray alone, to restrain the enforcement of a foreclosure decree on premises No. 281 Fourth avenue, and procured a temporary injunction so restraining him and his servants and agents, with an order to show cause why the same should not be continued. Before the hearing of the motion Gray answered, setting up as a defense that he had sold the decree to Phelps, and had no interest whatever in the subject-matter of the action at the time of its commencement; thereupon Phelps was brought in as a party defendant by supplemental complaint; the injunction was never extended so as to include the defendant Phelps; counsel for both Phelps and Gray appeared and

opposed the motion to continue the injunction; they prepared papers necessary to use thereon, but did not use them; they were unsuccessful upon the motion, but plaintiff was required to give an additional undertaking, with one surety, to the defendant Gray, which he accordingly did.

At the trial the complaint was dismissed; the defendants thereupon moved for a reference to assess the damages sustained by reason of the injunction; they proved none, except the value of legal services rendered in connection with the said motion; these were fixed at $650.

The referee found that Phelps could recover no damages, but that the value of services of counsel rendered for defendant Phelps might be recovered " in the name and behalf of the co-defendant."

From the order overruling exceptions and confirming the report of the referee, the plaintiff appealed.

*Charles W. Dayton,* for the appellant.

*Thomas G. Shearman,* for the respondents.

BARRETT, J.:

The evidence taken before the referee was limited to the value of the attorneys' services upon the motion for a continuance of the injunction *pendente lite.* The referee allowed the value of such services (fixed at $650) as damages sustained by reason of the injunction. In this we think he erred. It was held in *Childs* v. *Lyons* (3 Robertson, 704) and in *Allen* v. *Brown* (5 Lans., 511) that the costs and counsel fees of an unsuccessful effort to remove an injunction were not recoverable as damages arising from its existence. This rule does not apply where the continuance of the injunction results merely from a postponement until the trial of a decision upon the merits. (*Andrews* v. *Glenville Woolen Co.,* 50 N. Y., 287.)

Where, however, there is no such postponement, and the continuance *is* upon the merits, or the defendant fails in his motion to dissolve because of some irregularity or fault on his part, the expenses incident to the unsuccessful application are not recoverable.

In the case under consideration, the defendants opposed the mo-

tion to continue the injunction. It appears that a part of the services for which the sum of $650 was allowed, consisted in the preparation of opposing affidavits. The separate value of this latter service was not shown. It also appears that these opposing affidavits were not used upon the motion, and that the defendants contented themselves with a criticism of the plaintiff's papers. The surety was not chargeable with the expense incurred in the preparation of affidavits which the defendants themselves deemed unnecessary or useless.

It is impossible upon these papers to estimate the independent value of the services which were essential to the proper presentation of the defendants' opposition to the motion. But if it were, the case would still be within the rule laid down in the authorities above cited, for the reason that the injunction *was* continued upon the merits. The defendants sought to get rid of the temporary injunction, and to prevent its continuance, without presenting their side of the case.

It cannot therefore be said, in the words of RAPALLO, J., in *Andrews* v. *Glenville Woolen Co.* (*supra*), that the "motion did not fail through any fault on his part." *Non constat*, but if they had used the affidavits which had been prepared, the result would have been as satisfactory to them upon the motion as it was, subsequently, upon the trial.

The court determined the merits so far as the defendants chose to go into them. The merits, in the aspect of the case presented by the motion, consisted of the plaintiff's right to relief upon his own papers. The inquiry upon that head was not deferred; but was necessarily passed upon by the continuance of the injunction. It is true that the court directed the plaintiff to file additional security. But that was not inconsistent with an adjudication upon the merits in the plaintiff's favor. The court thereby in effect said to the plaintiff: "While you have made out a case for an injunction *pendente lite*, yet the security which you have given is less than we should have required. Now, as the injunction is a matter of discretion, we will withhold it, notwithstanding you make out a case, unless you furnish what we deem adequate security." If the defendants had presented their opposing affidavits, and the court,

though finding that such affidavits raised a conflict of evidence, had nevertheless seen fit to retain the injunction until the issues could be deliberately disposed of upon the trial, the case would have been within the principle of *Andrews* v. *Glenville Woolen Co.* (*supra*). But here there was no such conflict. There was therefore nothing to be deferred. The question was whether, upon the conceded facts of the complaint, the plaintiff, as matter of law, was entitled to an injunction. That question could not be postponed. It demanded, and, as we are bound to assume, received present consideration. We are also bound to assume that if the defendants had presented the same case upon the motion which they subsequently presented upon the trial, they would have been successful. Either that, or the inquiry would have been deferred. In either case, the defendants could have recovered their legitimate expenses. As it is, they cannot recover them, for the reason that they failed to get rid of the injunction, and so failed because they did not do all in their power to succeed. In other words, because of their own fault.

It will not be necessary, therefore, to consider the other very grave question presented by the appeal, namely, the right of the defendant Phelps to recover " in the name and behalf of her co-defendant," a question which does not seem to us to be so entirely settled by the principles which were applied to the facts of *Andrews* v. *Glenville Woolen Co.* as the respondents appear to believe.

The order appealed from should be reversed, with $10 costs, and disbursements of the appeal, and the motion to confirm the referee's report denied.

Davis, P. J., and Brady, J., concurred.

Order reversed, with $10 costs, and disbursements, and motion denied.