JOSIAH NEWTON AND OTHERS, PLAINTIFFS, AND AARON H. BAKER AND OTHERS, SURETIES, APPELLANTS, v. LESLIE W. RUSSELL, ASSIGNEE OF FRANCIS CLEVELAND, DECEASED, RESPONDENT.

*Temporary injunction — undertaking upon — when the fees of counsel upon the trial are recoverable upon it.*

In this action, brought to restrain the defendant from interfering with a boom across a certain river, the plaintiffs procured an order temporarily restraining him from so doing, and requiring him to show cause why the injunction should not be continued until the entry of final judgment in the action. Upon the return day an order was made, after a partial hearing upon the merits, providing that if the plaintiffs should, if required by the defendant, give an undertaking for a larger sum, the injunction should be continued until the final determination of the action. The order also authorized the defendant to give notice of a further hearing upon the order to show cause before another judge. Increased security was given, but no further hearing was had, and upon the trial a judgment was rendered in favor of the defendant.

*Held,* that the trial was necessary to enable the defendant to get rid of the injunction, and that he was entitled to recover the fees of his counsel thereon as a part of the damages secured by the undertaking.

APPEAL from an order made at Special Term confirming the report of a referee as to the damages sustained by the defendant in consequence of a temporary injunction granted herein.

The action was brought to restrain one Cleveland, the original defendant herein, since deceased, from detaching or interfering with a boom belonging to the plaintiffs which they claimed to be entitled to attach to Cleveland's lands.

A temporary injunction was granted accompanied by an order to show cause, upon the return day of which an order was made, "that within ten days after written notice to do so by defendant, plaintiffs give an undertaking to secure any damages to the amount of $2,500, that defendant may sustain by reason of the said injunction, and that until the further order of this court, or a judge thereof, the said injunction be and the same is retained to the extent aforesaid; and it is further ordered that the said defendant may give not less than five days' notice for a further hearing upon the said order to show cause before Mr. Justice LANDON, at Schenectady, and if

such notice be given, said justice shall hear and determine the question of continuing the injunction in the same manner as if said order to show cause had been originally returnable before him.

If such notice is given and such security is filed, the injunction hereby given shall be continued until the final decree herein. And it is further ordered, that in case notice is given to file security within ten days, as aforesaid, and the same be not filed within such time, then the said injunction order as aforesaid granted shall be deemed vacated without further application. Defendant need not serve any papers with said five days' notice, and the papers then used need not be filed."

Increased security was given, but no further hearing was had. Upon the trial a judgment was entered in favor of the defendant. The referee allowed $450 as fees of the counsel employed by the defendant upon the trial.

*Dart & Erwin,* for the appellants. Counsel fees on the trial of the action are not recoverable as damages by reason of a preliminary injunction, without evidence that the expense of the trial was increased by the injunction, or that a trial was made necessary by reason thereof. (*Hovey* v. *Rubber-Tip Pencil Co.,* 12 Abb. [N. S.], 360; affirmed in 50 N. Y., 335; *Disbrow* v. *Garcia,* 52 N. Y., 654; *Hotchkiss* v. *Platt,* 8 Hun, 46; *Allen* v. *Brown,* 5 Lans., 514; *McDonald* v. *James,* 47 How. Pr. R., 474; S. C., reported in 38 N. Y., S. C. R., 76; *Troxill* v. *Hains,* 5 Daly, 389.)

*Leslie W. Russell,* for the respondent. Where an equitable action is brought to obtain a permanent injunction, and a preliminary injunction is issued in aid of the anticipated final relief, and the motion to dissolve or continue it involves the whole merits of the action, so that the defendant is compelled to go to trial to secure a decision that the plaintiffs are not entitled to the injunction prayed for, reasonable counsel fees for the trial of the action are covered by the undertaking and will be allowed as part of the damages. (*Aldrich* v. *Reynolds,* 1 Barb. Ch. Pr., 613, 616; *Edwards* v. *Bodine,* 11 Paige, 223; *Northrup* v. *Garrett,* 17 Hun, 497; *Corcoran* v. *Judson,* 24 N. Y., 106; *Rose* v. *Post,* 56 id., 603; *Andrews* v. *Glenville Woolen Co.,* 50 id., 282.)

LEARNED, P. J.:

The plaintiffs obtained an injunction *pendente lite*, which restrained the defendant from interfering with a boom across a certain river. The order required the defendant to show cause as a certain time and place why this injunction should not be continued until the final decree. At the time and place an order was made by Judge JAMES that, on notice by the defendant, the plaintiffs should give an increased undertaking to secure damages; that till further order the injunction be continued; that defendant might give a five days' notice of further hearing on the order to show cause before Judge LANDON. And the order continued, that "if such notice is given and such security is given, the injunction hereby given shall be continued until the final decree herein."

If notice to file security were given and security was not filed the injunction was to be deemed vacated. The defendant gave notice and the increased undertaking was given. No motion was made before Judge LANDON in regard to the injunction as provided for in the order. On the trial the defendant had judgment. The question here is, whether, as part of the damages on the undertaking, the defendant should have counsel fees of the trial.

It is fairly to be understood from the order that the defendant had the election either to move for a hearing before Judge LANDON on the order to show cause, or to demand further security and to have the injunction stand till final judgment. The defendant chose the latter course. The plaintiffs have no right to complain because the defendant made this choice. The result was that a trial of the action became necessary in order to dissolve the injunction. Judge JAMES had decided on a hearing of both sides (though not on a full discussion of the merits of the injunction) that, if the plaintiffs would give the increased undertaking, the injunction should be continued until the final decree. "A trial was therefore necessary, not merely to dispose of the issues but to get rid of the injunction." (*Andrews* v. *Glenville W. Co.*, 50 N. Y., 282.)

The injunction was unlike that in *Disbrow* v. *Garcia* (52 N. Y., 654). There the injunction simply restrained the defendant from disposing of a bond during the pendency of the action. The defendant, therefore, might have sued upon the bond and collected it, notwithstanding the injunction. And the injunction did not

express any decision as to the merits of the case. In *Hovey* v. *Rubber-Tip P. Co.* (50 N. Y., 335) it does not appear what the injunction was; but the court approve *Andrews* v. *Glenville W. Co.* Now, in the present case, the injunction involved the merits; it forbade the defendant to do those acts, during the action, which the final judgment would have forbidden him to do, if it had been against him.

*Practically*, the defendant recovered judgment when he began his action, and left the defendant to relieve himself from such judgment by a trial.

The order appealed from should be affirmed, with ten dollars costs and printing disbursements.

BOCKES and BOARDMAN, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.