RICHARD H. LEE AND JAMES APPLE, PLAINTIFFS, *v.* EUGENE A. HOMER, DEFENDANT.

*Sureties upon an undertaking for an attachment — they are liable for costs awarded to the defendant, although the attachment be not formally vacated — Code of Civil. Procedure, sec. 640.*

The sureties upon an undertaking, given upon the issuing of an attachment, are liable for the costs of the action, awarded to the defendant upon the dismissal of the complaint, even though the attachment itself be never formally vacated.

Section 640 of the Code of Civil Procedure provides that "the judge before granting the warrant must require a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking;" the words, "which he may sustain by reason of the attachment," apply only to the word "damages" and not to the words "costs which may be awarded to the defendant."

CONTROVERSY submitted without action.

*Bolles, Waring & Bolles,* for the plaintiffs.

*C. S. Cary,* for the defendant.

SMITH, P. J.:

The facts of this case, as submitted, are that one Wickwire being about to commerce an action in the Supreme Court against the

plaintiffs herein, non-residents of the State, applied for a warrant of attachment against their property, and on said application presented to the judge to whom the same was made, the bond or undertaking on which the present controversy is based, executed by Homer, the defendant herein, alone, and entitled to said action, by which, after the usual and proper recital, said Homer undertook " that if the defendants in said action should recover judgment, or if the said warrant of attachment was vacated, the plaintiff would pay all costs which might be awarded to the said defendants Lee and Apple, and all damages which they might sustain by reason of the said attachment, not exceeding two hundred and fifty dollars." Thereupon the warrant of attachment was issued and property of Lee and Apple was attached thereunder. Summons in the action was issued and served upon the defendants therein personally. Defendants answered; the case, being at issue, was placed upon the circuit calendar for trial, and the plaintiff not appearing when the case was called, the complaint was dismissed with costs, on motion by defendants, and judgment accordingly entered in their favor for $126.14, as and for their costs and disbursements of defending the action. Execution was issued against Wickwire, the plaintiff in the action, and returned wholly unsatisfied. No application or motion was made by Lee and Apple to vacate the attachment. The costs and disbursements included in said judgment were made up only of the items allowed by law in an action in which issue was joined without reference to the attachment, and were the same as if no attachment had been issued.

The plaintiffs herein contend that Homer, the surety on said undertaking for attachment, is liable to them for the amount of said judgment for costs and disbursements ; while Homer denies such liability, he claiming that his undertaking covers only costs arising by reason of the attachment, and not the ordinary costs of suit. The undertaking, by its terms, complies with the provisions of section 640 of the Code, and the decision of the controversy depends upon the construction of that section, the language of which, so far as it affects the question, is as follows : " The judge before granting the warrant, must require a written undertaking, on the part of the plaintiff, with sufficient sureties, to the effect, that if the defendant recovers judgment, or if the warrant is vacated, the

plaintiff will pay all costs, which may be awarded to the defendant and all damages, which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking, which must be at least two hundred and fifty dollars." There are two conditions on the happening of either of which the undertaking becomes obligatory, namely, the recovery of judgment by the defendant in the action, and the vacating of the warrant of attachment. Either may happen without the other, that is to say, the defendant may recover judgment without the attachment being vacated except by the necessary effect and operation of the judgment in the defendant's favor, no motion being made for a *vacatur*, or the attachment may be vacated on motion, notwithstanding the plaintiff may recover in the action. In the latter case, the parties executing the undertaking clearly would not be liable by force of it for the costs of the action, because none would be awarded to the defendant, while in the former case, the costs of the action would be awarded to the defendant, but none would be awarded him "by reason of the attachment." Strictly speaking no *costs* can be awarded to a defendant by reason of the attachment; in any case the expenses incurred by him for the fees of attorney and counsel in moving to vacate the attachment being included in the term "damages." (*Currie* v. *Riley*, 14 N. Y., Weekly Dig., 407.) In that respect the case is analogous to that of an injunction, in which latter case it is well settled that the taxable costs of the defendant, necessary to obtain a dissolution of the injunction, may properly be considered as damages so as to enable the defendant to recover them of the sureties in the injunction bond if he is unable to collect them of the plaintiffs in the suit. (*Edwards* v. *Bodine*, 11 Paige, 223; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 613; *Andrews* v. *The Glenville Woolen Co.*, 50 N. Y., 282; *Hovey* v. *The Rubber Tip Pencil Co.*, Id., 335; *Rose* v. *Post*, 56 id., 603.)

Recurring to the section of the Code under consideration we are of the opinion that the words, "which he may sustain by reason of the attachment," apply to the "damages" only and not to the "costs which may be awarded to the defendant;" the costs thus referred to being those of the action, and not those incurred in a motion to vacate the attachment, which are regarded as damages.

This construction makes the liability created by an undertaking

in an attachment case analogous to that of an undertaking upon an order of arrest. (Code, § 559.) Throop's note to section 639 states that it was so framed as to correspond with section 559.

We think the construction contended for by the plaintiffs is correct and that they are entitled to judgment for the sum of $126.14, with interest from 28th May, 1884, the amount agreed upon in the case, with the costs allowed by statute.

BARKER and BRADLEY, JJ., concurred.

Judgment ordered for plaintiffs for $126.14, with interest from 28th of May, 1884, the amount agreed upon in the case, with costs allowed by statute.

NOTE.— The balance of the cases decided at this term of the court will be found in (38 Hun) the next volume.— [REP.