Thomson, J.,
delivered the opinion of the court.
Action by the board of commissioners of Logan county and M. Tliimgan, treasurer of that county, to the use of John W. Wilson, upon an injunction bond given in a suit against the *155 board of commissioners and the treasurer. The bond is as follows:
N “ State oe Colorado Logan County. J In the District Court of the 13th Judicial District of the State of ss• Colorado, in and for the County of Logan.
“ A. F. Browns and E. F. Phillips, Plaintiffs, vs. The Board oe County Commis- ! sioners oe Logan County, and [ M. Thlmgan, County Treasurer of Logan County, Defendants. Undertaking on Injunction.
“Whereas, the above named plaintiffs have commenced an action in the district court of the 13th judicial district of the state of Colorado, in and for the said county of Logan, against the above named defendants, and is about to apply for an injunction in said action, against said defendants, enjoining and restraining them from the commission of certain acts, as in the complaint filed in the said action is more particularly set forth and described.
“Now, therefore, we, the undersigned, residents of the county of Logan, state of Colorado, in consideration of the premises, and of the issuing of said injunction, do jointly and severally undertake in the sum of two hundred dollars, and promise to the effect, that, in case said injunction shall issue, the said plaintiff will pay to the defendant all costs and damages as shall be awarded against the complainant in case the said injunction shall be modified or dissolved in whole or in part.
“Dated this 27th day of September, A. D. 1894.
“H. C. Sherman,
“ E. F. Phillips,
“John W. Van Deventer.”
*156 The complaint alleges that the injunction, on account of which the bond was given, was dissolved at the instance of Wilson ; that he was the real party in interest, and the only party damaged by the injunction; and that his damages consisted in expenses incurred by him in procuring the dissolution, and in moneys expended, and loss sustained, in consequence of the injunction. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, the defendants answered, and upon a trial judgment went for the plaintiff.
The printed abstract of the record, in so far as the bill of exceptions is concerned, utterly fails of compliance with rule sixteen of this court, which requires appellants and plaintiffs in error to refer to the folio numbers in the. transcript and bill of exceptions, on the margin of the abstract, in such manner that orders, pleadings and evidence referred to in the abstract may be easily found in the record. The purpose of this rule is obvious, and counsel are not at liberty to disregard it at pleasure. The bill of exceptions, as the abstract contains it, is quite voluminous; the print is so small that reading it is difficult; and neither in the margin nor elsewhere does it refer to a single folio number. It is therefore practically useless. Fourteen alleged errors are embraced in the assignment. The most of them question the rulings of the court in the admission and rejection of evidence at the trial. On account of counsel’s disregard of the rule prescribing the manner in which the proceedings at the trial shall be laid before us, the objections to these rulings will not be considered ; and if the record were otherwise free from error, we should assume the correctness of the rulings, and the sufficiency of the evidence to support the verdict, and affirm the judgment.
But the complaint is bad. The promise in the bond or undertaking was that the plaintiffs in the injunction suit would pay to the defendants the costs and damages which might be awarded against the plaintiffs in case the injunction *157 should be dissolved. No damages to those defendants are alleged. The only damages occasioned by the injunction were, as appears from the complaint, sustained by Wilson. But he was not a defendant, and there are no allegations so connecting him with the injunction proceeding as to authorize a recovery for his benefit. It is alleged that the injunction was dissolved at his instance, and that he was the only person damaged by the injunction ; but this is not enough. The complaint should state facts from which the court could see how he was interested in the suit, why he sustained his damages, and how it came about that he was entitled to interfere in the litigation and procure the dissolution of the injunction. Whether his relation to the injunction suit was such that he became entitled to the benefit of the undertaking is a question of law to be determined upon the facts, and it is the facts, and not the pleader’s conclusions, which must appear in the complaint.
It may be gathered from the answer and the argument that Wilson was the proprietor of a newspaper, and had a contract with the board of commissioners for .the printing of the delinquent tax list, and notice of tax sales, of Logan county, for the year 1894; that at the suit of certain taxpayers, the hoard and the treasurer were enjoined from paying him out of the public funds for his work, and that the injunction bond was given in that proceeding. It may be that the facts, if properly set forth, would authorize a recovery in this suit in Wilson’s behalf. If the only effect of the injunction was to prevent him from performing his contract, and receiving his money, then he was the only person injured by the injunction; and if he could not use the names of the obligees in the bond to idemnify himself for his losses, the giving of an injunction bond in such a case would seem to he a useless formality. If such were the facts, we think the damages sustained by him should be considered as having been sustained by the judgment defendants, and recoverable in their names for his benefit. Andrews v. Glenville Woolen Co., 50 N. Y. 282.
*158 But whatever may have been the facts, the complaint does not disclose them; and in consequence of its failure to show a cause of action, the judgment must fall. The judgment will therefore be reversed and remanded, with leave to the plaintiff to amend his complaint.

Reversed.