(29 Misc. Rep. 102.)

### BOCK v. BOHN et al.

(Supreme Court, Special Term, New York County. October 5, 1899.)

DAMAGES—COUNSEL FEES.

Where, as incident to the main purpose of a suit, plaintiff procures an injunction restraining defendants from disposing of an assigned estate, defendants cannot recover, as damages sustained by reason of such injunction, the fees of counsel in resisting it, unless such injunction involves the same question as the issue in the main action, and is successfully resisted by a motion to dissolve.

Action by Louis Bock against Audolph Bohn and others. Bill dismissed, and portion of damages assessed on injunction bond disallowed. Motion for reargument. Denied.

W. H. Rand, for the motion.
T. D. Kenneson, opposed.

GILDERSLEEVE, J. The complaint was framed with the ultimate object of having an assignment for the benefit of creditors adjudged to be void. As incident to the main purpose of the suit, and as a means of preserving the property sought to be reached, the plaintiff procured a temporary injunction restraining the defendants from

disposing of the assigned estate, accompanied by an order to show cause why the injunction should not be continued during the pendency of the action. This motion was opposed by the defendants, and the court modified the temporary injunction, leaving it partially in force, and appointed a referee to examine and report whether it should be continued pendente lite, and also whether a receiver should be appointed in the action. There was a hearing before the referee, and he made a report, but no action appears to have been taken regarding it. Subsequent to the date of the referee's report the cause was tried and the complaint dismissed. Thereupon the defendants applied for, and procured, an order, under section 623 of the Code, appointing a referee to assess the damages sustained by them by reason of the injunction. The only damages claimed by the defendants before the referee were for counsel fees, for services in opposing the motion for a permanent injunction before the court and before the referee to whom the matter was referred, and for preparing and trying the cause. The referee assessed the defendants' damages, allowing them $750 for counsel fees for all proceedings up to the trial, $150 for fees of counsel on the reference before him, and $232.25 for referee's fees and stenographer's charges. On the original hearing of the motion to confirm the referee's report, I was constrained to disallow all the damages so assessed, and subsequent reflection has only served to convince me that my conclusion was right. The rule deducible from the authorities in cases like this is that, where the defendant does not himself move to dissolve the injunction, he cannot recover, as damages arising from it, the amount paid to counsel for merely resisting its issuance or its continuance, or for trying the cause, unless the relief sought by the plaintiff is solely injunctive, and the right to a preliminary injunction and the issue in the action present one and the same question. Andrews v. Woolen Co., 50 N. Y. 282; Hovey v. Pencil Co., Id. 335; Newton v. Russell, 87 N. Y. 527; Randall v. Carpenter, 88 N. Y. 293; Sweet v. Mowry, 71 Hun, 381, 25 N. Y. Supp. 32; Whiteside v. Association, 84 Hun, 555, 32 N. Y. Supp. 724. The defendants made no motion to dissolve the injunction. They merely opposed plaintiff's motion to continue it during the pendency of the suit. The cases cited supra make a distinction between moving to dissolve an injunction and opposing its continuance, holding that, in the latter case, damages by way of counsel fees will not be allowed, even though the defendant finally defeats the plaintiff. They also distinguish between a successful and an unsuccessful motion by the defendant to vacate an injunction, and disallow counsel fees incurred on such a motion, where it is unsuccessful. Here it is not pretended that the defendants did aught but oppose the plaintiff's motion to continue the injunction. To be sure, on that motion they prevailed so far as to secure a modification of the injunction, but, except as so modified, it remained in force as when first issued. So that, even if the defendants' opposition to the plaintiff's motion could be regarded as a motion by them to dissolve the injunction, they are in no better situation, seeing that they were only partially successful. The ultimate relief sought by the plaintiff was not a perpetual injunction, but a

judgment setting aside an assignment for the benefit of creditors, and a trial of the issue in the cause as to the validity of that instrument was necessary only for the purpose of determining that issue. It was not necessary for the purpose of settling the right of the plaintiff to the preliminary injunction. Therefore counsel fees incurred on the trial should not be allowed. Andrews v. Woolen Co., supra, is plainly distinguishable from this case. There the defendants moved to dissolve the injunction, but the court declined to pass upon the question previous to the trial. For this disposition of the motion the defendant could not be permitted to suffer, and the decision of the court of appeals proceeded upon the assumption that the defendant being faultless in the matter, and the action having finally resulted in its favor, the decision of the motion, if it had been decided by the court, would also have been in favor of the defendant, and the injunction dissolved. Moreover, the relief prayed for in that case was solely injunctive. Page 288. The right to recover the expenses of the reference is contingent upon the right to damages, and, as the defendants have established no right to damages, they cannot recover these expenses.

Motion for reargument denied.