Max Loew, Plaintiff, v. Ostreicher Bros., a Corporation, Defendant.

(Supreme Court, Bronx Special Term, February, 1921.)

Pleading — when motion for order requiring plaintiff to serve an amended complaint granted — allegations contained in complaint — damages — actions.

A plaintiff taking the ground that his complaint states but a single cause of action should plead the facts in such manner as to enable the defendant to hold him to that position throughout the litigation.

Where as against the contention of the defendant that the facts alleged in the complaint may readily be made the basis of an action either for an assault, false imprisonment or malicious prosecution, the plaintiff maintains that the allegations of the complaint constitute but a single cause of action grow-

ing out of a series of occurrences having relation to but one continuous transaction with special circumstances of injury or aggravation as to each step in the progress of the affair, defendant's motion for an order requiring plaintiff to serve an amended complaint separately stating and numbering the facts constituting the various causes of action which defendant claims to be embraced in the complaint, will be granted, unless within the time fixed by the order to be entered plaintiff stipulates in writing that he intends and desires to state only a cause of action for false arrest and imprisonment, and he should specify which allegations are pleaded in chief and which in aggravation of damages.

MOTION by the defendant to require the plaintiff to serve an amended complaint wherein he shall separately state and number the facts constituting the various causes of action now embraced in the complaint herein.

Louis W. Osterweis, for motion.

William C. Scofield, Jr., opposed.

GIEGERICH, J. The defendant moves for an order requiring the plaintiff to serve an amended complaint wherein he shall separately state and number the facts constituting the various causes of action claimed to be embraced in the complaint. The complaint in substance alleges that while the plaintiff was lawfully in and upon the premises occupied by the defendant as a merchant tailor in the borough of Manhattan, New York city, the agents and servants of the defendant, with the knowledge and consent of said defendant and in the course of its business, without the slightest cause or provocation, threw or attempted to throw the plaintiff from said store and then did seize and drag the plaintiff back into the store and about the premises; that at such times and during the acts above related, the agents and servants of the defendant, and

in the course of such assaulting and employment, pulled the plaintiff back into the store and surrounded him and imprisoned and detained him in the said store and premises and caused his arrest by a police officer; that the plaintiff was forced by the defendant, its agents and servants, to accompany such police officer to a public station house, where he was charged with the crime of malicious mischief, and in which he was imprisoned until he was arraigned before a police magistrate, and that upon being arraigned before the magistrate the plaintiff was again maliciously and without probable cause falsely charged with the crime of malicious mischief, but after a hearing the charge was dismissed and the plaintiff was discharged from custody. The complaint further alleges that the malicious acts complained of were contrary to the laws and customs of this state and in violation of the same and against the will of the plaintiff, whereby he was not only greatly hurt, humiliated and greatly distressed in mind and body, but injured in credit, hindered in business and suffered a nervous breakdown, by reason whereof and whereby the plaintiff alleges he sustained damages in the sum of $25,000. The complaint is divided into paragraphs, but no words or figures are used to indicate whether one or more causes of action were intended to be alleged. The defendant insists that the facts set forth in the complaint may readily be made the basis of an action either for an assault, false imprisonment or malicious prosecution. The plaintiff, on the other hand, maintains that the several statements contained in the complaint constitute but a single cause of action growing out of a series of occurrences and have relation to but one continuous transaction alleged, with special circumstances of injury or aggravation as to each step in the progress of the affair. In *Sheldon* v. *Lake,* 9 Abb. Pr. N. S. 306,

the complaint alleged that the defendant assaulted the plaintiff, dragged him violently through the public streets, imprisoned him in the custody of the sheriff and restrained him of his liberty without probable or reasonable cause, whereby he was wounded, injured in credit and hindered in business. The defendant moved to strike out parts of the complaint as irrelevant and redundant, or if more than one cause of action was intended to be set up, that the complaint be made more definite and certain and causes of action be separately stated and distinctly numbered, and it was held that the complaint stated but one cause of action, but that the allegation that the acts complained of were in violation of law, not being a traversible allegation, was irrelevant and redundant and should be stricken out. In that case, however, it was conceded by the plaintiff's attorney on the motion that the action was for false imprisonment and that alone. In *Tyson* v. *Bauland Co.,* 68 App. Div. 310, cited by the defendant, the complaint combined in a single count two causes of action, one for false imprisonment and another for malicious prosecution. The defendant failed to demur to the complaint, but at the commencement of the trial made a motion to require the plaintiff to elect which cause of action she intended to pursue. The court in the course of its opinion at pages 312 and 313 said: "The complaint contains but a single count, which might be either for false imprisonment or malicious prosecution. It was treated on the trial as a complaint for both causes of action. * * * The two causes of action, however, could not be combined in a single count (Code Civ. Pro. § 483), although they may be united in the same complaint. *Marks* v. *Townsend,* 97 N. Y. 590, and cases cited. By not demurring the appellant must be deemed to have waived the defect, and was probably not entitled to the election at

Supreme Court, February, 1921. [Vol. 114.

the commencement of the trial as a strict matter of right. As it must be assumed from the record that both causes of action were submitted to the jury and the verdict may have been founded on either, the judgment appealed from cannot be sustained unless the proof established both causes of action.'' In *Daly* v. *Wolaneck,* 29 Misc. Rep. 162, I held that where the nature of the action is conceded, allegations of assault and also of false imprisonment may be joined in the statement of one cause of action, but where the complaint does not disclose the theory of the action the plaintiff may be compelled to make his complaint more definite and certain by separately stating the causes of action and by numbering them, unless the plaintiff stipulates that he intends and desires to state but a single cause of action specifying which allegations are set forth in chief and which in aggravation. The plaintiff's brief in the case at bar states that the action was and is one for false arrest and imprisonment. The defendant advances the argument that such concession is not made in a manner which could work an estoppel and that a formal order of the character indicated in *Daly* v. *Wolaneck, supra,* should be entered so that the plaintiff may not upon the trial change his position and attempt to have submitted to the jury an issue other than one of false arrest and imprisonment. In *Fay* v. *Marx,* 2 Bradbury Pl. & Pr. 81, the complaint contained allegations showing causes of action for both negligence and nuisance, but in so uncertain a manner as to leave it in doubt whether the plaintiff sought to recover on one or both grounds. The defendant moved to compel the plaintiff to separately state and number his causes of action, and on the hearing of such motion counsel for the plaintiff stated that only one cause of action was intended, and that for nuisance, and it was held that the plaintiff should be

required to amend his complaint accordingly, as such statement of the plaintiff's counsel on the motion could not constitute an election. Although the plaintiff takes the ground that but a single cause of action is stated, he should, nevertheless, do it in such a manner as to enable the defendant to hold him to that position throughout the litigation. *Blake* v. *Barnes,* 9 N. Y. Supp. 933; 30 N. Y. St. Repr. 299. The motion should therefore be granted unless within a time to be fixed in the order to be entered hereon the plaintiff stipulate in writing that he intends and desires to state but a single cause of action, to wit, that of false arrest and imprisonment, and he should specify which allegations are set forth in chief and which in aggravation. Motion disposed of as above indicated, with ten dollars costs to the defendant to abide the event of the action.

Ordered accordingly.