*C. E. Walker,* for appellants.

*S. C. Stevens,* for appellee.

---

STARR *v.* CASS and Others.

EVIDENCE.—*A* had an execution issued against *B*, and levied on the corn and wheat of the latter. The constable was proceeding to advertise and sell the property under the execution, when *C* procured an injunction preventing the sale. The injunction was afterward dissolved. *A* brought suit upon the injunction bond. The question in dispute was as to whom the corn and wheat belonged. It was in proof that after the execution issued, *C* purchased the property of *B*. The testimony was conflicting. *A* offered to prove by *B*, that at the time *C* offered to buy the corn, he told him, as an inducement to sell, that if he (*B*) would sell him (*C*) the corn, and move to *Iowa*, he need not pay the judgment in favor of *A*. *Held,* that the testimony ought to have been admitted.

APPEAL from the *Porter* Common Pleas.

GREGORY, J.—*Starr* sued *Cass* and *Dorr* on an injunction bond. *Hawley* was a constable, and was only a nominal party.

The complaint alleges that one *John J. Reedman* recovered a judgment before one *Azor Kellog,* a justice of the peace in and for *Porter* county, against *Thomas W. Shinabarger, William H. Shinabarger,* and *Cornelius O'Neil;* that *Reedman* assigned the judgment to plaintiff; that plaintiff caused an execution to be issued on the judgment; that the execution was delivered to *Hawley,* constable of *Center* township in said county; that the constable levied the execution on a large quantity of corn and wheat which belonged to *Shinabarger* at the date of the issue of the execution, and at the date of the levy, and that the constable proceeded to advertise and sell said

property to satisfy said judgment and execution, but that the defendant, *Cass*, procured and caused an injunction to be issued out of the Court of Common Pleas against the plaintiff and the said *Hawley*, restraining them from selling the property, and from interfering with the same, which injunction was served on them; that the injunction was afterward by the court dissolved, and the suit dismissed; that *Cass* had possession of the property levied on, and that he continued in possession of the same, and used and converted the same to his use; that *Shinabargers* and *O'Neil* had not, at the date of the levy, nor have they had since, any other property out of which said debt could be made.

An answer was filed by defendants in several paragraphs, and replies thereto were filed by the plaintiff, which lead to issues of fact. A jury was waived; trial by the court, and a finding for the defendants; motion for a new trial overruled, and plaintiff excepted. The evidence is contained in the record.

From the evidence it appears that *Cass* rented some lands to *William H. Shinabarger*, on which the corn levied on was raised by the latter. The question of fact in dispute, on which the case turns, is upon what terms was it rented?

*Starr* contends that *Shinabarger* was to raise the crop, and deliver *Cass* two-fifths in the crib. *Cass* says that he employed *Shinabarger* to work the land, and was to give him three-fifths of the crop raised, for his labor. On this point the testimony is conflicting.

It further appears, in the testimony of *William H. Shinabarger*, that some month or two after the issue of the execution, *Cass* bought the crop from him, paying therefor $175. The plaintiff then offered to prove, by *Shinabarger*, that at the time *Cass* proposed to buy the corn of him, he told him, as an inducement to sell, "that if he (the said witness) would sell said corn to him (said *Cass*) and go to *Iowa*, he (the said witness) would not need to pay the *Starr*

judgment." The defendants objected to this testimony, and the court sustained the objection, and refused to admit the evidence offered.

We think this testimony ought to have been admitted; it tended to sustain the theory of the plaintiff's case; it was a *part of the transaction,* and tended to throw light on the character of the claim set up by *Cass.*

The judgment of the Court of Common Pleas is reversed; cause remanded to said court for a new trial, and further proceedings in accordance with this opinion. Costs here.

*J. E. McDonald* and *A. L. Roache,* for appellant.