## RAUPMAN *v*. THE CITY OF EVANSVILLE.

INJUNCTION.—*Bond.*—*Damages.*—*Attorney's Fees.*—Where the sole object of a complaint is an injunction, and after a trial, resulting in a disagreement and discharge of the jury, the temporary injunction is dissolved and the action dismissed on motion of the defendant, he is entitled, in a suit upon the injunction bond, to recover, as a part of his damages, reasonable attorney's fees.

From the Vanderburgh Common Pleas.

*C. Denby* and *D. B. Kumler*, for appellant.

*A. Iglehart* and *J. E. Iglehart*, for appellee.

OSBORN, J.—This was an action upon an injunction bond. The only question presented for our consideration is, whether the appellee was entitled to recover counsel fees as damages. The court below allowed them. The appellant does not dispute the proposition that counsel fees are recoverable, where, on motion, the temporary restraining order is dissolved. He claims, however, that where the record shows that there was no motion to dissolve, but a trial on the merits, no matter what the result may be, no recovery can be had for counsel fees, and cites *Langworthy* v. *McKelvey*, 25 Iowa, 48. In that case, the injunction was not the sole object of the action. Other relief might have been granted under the complaint.

In the case at bar, the bond was executed to enable the appellant to obtain an injunction restraining the appellee from collecting an alleged illegal assessment. An issue of fact was formed and a trial by a jury had, resulting in a failure to agree and a discharge of the jury. Afterward, under the ruling in *The City of Evansville* v. *Pfisterer*, 34 Ind. 36, on motion of the appellee, the injunction was dissolved and the action dismissed.

The only relief to which the appellant was entitled was an injunction. If he was successful, his injunction would be made perpetual. If he failed, it would be dissolved. The whole defence related to the injunction and to that alone. In *Coates* v. *Coates*, 1 Duer, 664, and *Edwards* v.

*Bodine,* 11 Paige, 223, such damages were allowed. The necessity of paying such counsel fees is an actual damage sustained by reason of the injunction. In the case of *Edwards* v. *Bodine, supra,* on page 227, the Chancellor says: "The object of the court, in requiring a bond in such cases will be best effected by giving to the language of the condition of the bond its natural sense; which will cover the necessary costs and counsel fees to obtain a dissolution of the injunction, as well as the damages which the party enjoined has otherwise sustained during the time the injunction was in force."

It was admitted that the fees allowed were reasonable. The court committed no error in allowing them.

The judgment is affirmed, with costs and five per cent. damages.