## BEESON ET AL. *v.* BEESON ET AL.

DAMAGES.—*Injunction Bond.*—Where, a temporary injunction restraining the collection of a judgment having been granted, a demurrer to the complaint therefor was afterward sustained, and the plaintiff, excepting to the ruling on demurrer, dismissed the cause, with leave to withdraw the complaint, and judgment was thereupon rendered for the defendant for costs;

*Held,* that, in an action on the injunction bond, there might be recovered as damages the amount of attorney's fees for which the plaintiff in such action on the bond became liable, in defending the suit for an injunction.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellants.

*M. C. McLain*, for appellees.

PERKINS, J.—On 3d day of October, 1874, the State, on the relation of Richard Beeson, Jehu A. Beeson, Christina E. Beeson, Matilda Davenport and Sarah Swindell, obtained a judgment for six hundred and forty dollars and seventy-five cents, in the Hendricks Circuit Court, against Gabriel Beeson and John Robbins. On the 26th day of December, 1874, said Gabriel Beeson and John Robbins obtained from the circuit judge the following injunction upon the collection of said judgment:

" The above-named defendants" (relators in the suit in which said judgment was obtained) " are hereby restrained and enjoined from proceeding with the collection of the judgment described in the complaint, or enforcing the same by execution against the property of the plaintiffs in the injunction suit" (defendants in the judgment), " until the further order of the court.

(Signed,)　　" LIVINGSTON HOWLAND, Judge."

The following is a copy of the undertaking given in obtaining the injunction :

| | |
|---|---|
| " Gabriel Beeson, John Robbins, <br> *vs.* <br> " Richard Beeson, Jehu A. Beeson, <br>　Christina E. Beeson, Matilda Davenport, Sarah Swindell and William Riggins. | In the Hendricks <br> Circuit Court. <br><br> February Term, <br>　1875. <br> Injunction, etc. |

" We undertake, that plaintiffs, Gabriel Beeson and John Robbins, shall pay to the defendants, Richard Beeson Christina E. Beeson, Jehu A. Beeson, Matilda Davenport, Sarah Swindell and William Riggins, all damages and costs which may accrue by reason of the injunction in this action. This —— day of December, 1874.

　　　　　　　　　　" GABRIEL BEESON,

　　　　　　　　　　" JOHN ROBBINS,

　　　　　　　　　　" JONATHAN WALTON."

On the 27th day of February, 1875, the following proceedings took place in the Hendricks Circuit Court:

" Gabriel Beeson and John Robbins ⎱
              *vs.*             ⎰ No. 1223.
" Richard Beeson *et al.*

" Come the parties by counsel, and the court sustains the demurrer to the complaint herein, to which the plaintiffs except. And the plaintiffs now dismiss this cause, with leave to withdraw the complaint herein. It is therefore considered by the court, that the defendants recover of the plaintiffs their costs in and about this suit laid out and expended, taxed at twenty dollars and forty cents. Judgment rendered February 27th, 1875."

This is a suit upon the injunction bond, above set forth, by the obligees therein, against the obligors. The documents we have copied above are made exhibits in the complaint, but the pleadings in the actions are not, so that we are not definitely informed of the causes of action on which the judgment and orders were rendered and made.

The plaintiffs in the present suit claim to recover as damages the amount of the judgment, the collection of which was temporarily enjoined, the costs in the injunction suit and a fee of one hundred dollars, which, it is averred, they became liable to pay to the attorney employed by them to resist the injunction and defend the suit.

The court sustained a demurrer to the complaint, and rendered final judgment against the plaintiffs, to which action of the court they excepted.

These rulings are assigned as errors in this court.

The question is, does the complaint show a cause of action for more than merely nominal damages? If so, the judgment must be reversed.

The complaint does not show that any substantial damage was occasioned by the temporary injunction upon the collection of the judgment mentioned. It does not show that the plaintiffs will be called upon to pay any costs on the dismissal of the injunction suit. It does show that the plaintiffs, the defendants in the injunction suit,

became liable to pay one hundred dollars to an attorney for his legal services in that suit.    And we think, on the authority of *Raupman* v. *The City of Evansville*, 44 Ind. 392, the obligors in the bond or undertaking sued on are liable in damages to that amount, at all events.    *Prima facie*, the case before us is like the case cited.    If it is not in fact, the defendants may show it in an answer.    The parties to the suit correspond to the parties to the obligation on which it was brought.

The judgment is reversed, with costs, and the cause remanded, etc.