NOLL ET AL. *v.* SMITH.

APPEAL BOND.—*Action on.*—*Attorney's Fees.*—*Damages.*—Attorney's fees expended in resisting an appeal to the Supreme Court can not be recov-

ered back from the appellant, in an action on the appeal bond executed on taking such appeal.

From the Warren Circuit Court.

*J. W. Sutton,* for appellants.

*J. McCabe,* for appellee.

WORDEN, J.—William C. Smith recovered a judgment in the Warren Circuit Court, against Benjamin Noll, from which Noll took an appeal to this court, executing an appeal bond with John Goodrich as his surety. The bond was conditioned as is required by law (see code, secs. 555, 563), that the appellant would duly prosecute his appeal, and abide by and pay any judgment and costs that might be rendered or affirmed against him.

This action was brought by Smith, against Noll and Goodrich, on the appeal bond thus given; and it was averred in the complaint, in substance, that Noll did not duly prosecute his appeal, but, on the contrary, after the submission of the cause, the appellant therein failed to file a brief within sixty days, whereby the appeal was dismissed under rule 14 of this court.

Issue; trial by the court; finding and judgment for the plaintiff for the sum of sixty dollars.

There was a motion for a new trial, assigning for cause, among other things, that the finding was contrary to law.

It is very apparent from the evidence, that all the damage allowed to the plaintiff by the finding of the court was for and on account of the amount he paid to his attorney for his services in the case thus appealed, in briefing and attending to it in this court. It was proved that the plaintiff paid his attorney for his services in the case thus appealed the sum of eighty-five dollars. This included his services in the court below and in this court. The attorney testified that his services in the court below were of the value of twenty-five dollars, and in this court of the value of sixty dollars. This was the amount found for the

plaintiff; and, as before observed, it is apparent that the finding was intended to cover the amount paid by the plaintiff to his attorney for his services in the case on the appeal to this court, and nothing more. It is clear, therefore, that if such attorney's fees are not covered by the bond, and can not be allowed as damages upon its breach, the finding was contrary to law.

We are of opinion that the language of the appeal bond, following the terms of the statute, is not broad enough to cover, as damages for its breach, the amount which the appellee may be required to pay an attorney for his services in the case on appeal. The language of an undertaking in attachment is different. The language of such undertaking is that the plaintiff "will pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff shall be wrongful and oppressive." Code, sec. 160. In such case, the reasonable amount paid by the defendant in the attachment to an attorney, for his services in defending the attachment proceedings, is part of the damages he has sustained by reason of the proceedings, and may be recovered as part of the damages in an action upon the undertaking. *Wilson* v. *Root,* 43 Ind. 486. So an injunction bond is conditioned "for the payment of all damages and costs which may accrue by reason of the injunction or restraining order." Code, sec. 142. And, in an action on such bond or undertaking, attorneys' fees paid in defence of the proceedings upon the injunction may be recovered as part of the damages. *Raupman* v. *The City of Evansville,* 44 Ind. 392.

It may be remarked, also, that, in an action for malicious prosecution, the plaintiff may recover, as part of his damages, attorney's fees paid out in defending the malicious prosecution, or for which he has become liable. *Ziegler* v. *Powell,* 54 Ind. 173.

But the appeal bond does not stipulate for the payment

of all damages that may be occasioned by the appeal, if the judgment should not be reversed, nor does it contain any similar stipulation. Its terms do not, in our opinion, justify the recovery, on its breach, of attorney's fees paid by the appellee for services on the appeal.

The judgment below is reversed, with costs, and the cause is remanded for a new trial.