81  243
e165  19

### No. 8529.

### SWAN ET AL. *v.* TIMMONS ET AL.

INJUNCTION BOND.—*Action on.—Judgment in Another Action not a Bar.— Transcript.—Evidence.—Damages.—*On trial of an action on an injunction bond, a transcript of the record of another subsequent action, wherein the defendant obtained the injunction sought, is not admissible in evidence to bar the action, nor in mitigation of damages.

SAME.—*Measure of Damages.—Attorney's Fees.—*The dismissal of an action in which an injunction bond was given entitles the defendant to recover his expenses incurred in making the necessary resistance to that action, including reasonable attorney's fees; but, if other relief was sought, the attorney's fees must be restricted to those necessarily incurred in defeating the injunction.

From the Jasper Circuit Court.

*D. E. Straight* and *U. Z. Wiley,* for appellants.

*S. P. Thompson* and *D. J. Thompson,* for appellees.

ELLIOTT, C. J.—The questions presented by this appeal arise upon the ruling refusing appellants a new trial.

In order to understand the questions requiring consideration, it is necessary to give a synopsis of the evidence. In

April, 1875, the appellee Henry Timmons obtained a judgment against the appellant John W. Swan; in June, 1877, an execution was issued on this judgment, and an action for an injunction to restrain its enforcement commenced by the appellant in the Benton Circuit Court; no order, however, was obtained afterwards, but before the dismissal of the action in the Benton Circuit Court, appellant instituted another action for the same cause, and seeking the same relief, in the Circuit Court of Warren county. To this latter action the appellee pleaded the pendency of the former action, and the appellant was compelled to dismiss his suit. In the action brought in Warren county, the injunction bond, upon which this action is founded, was executed and filed.

On the trial of the present cause, the appellant offered in evidence a transcript of the proceedings in a subsequent suit for injunction, wherein he obtained a decree, perpetually enjoining the enforcement of the judgment of the appellee.

The fact, that the appellant subsequently obtained an injunction, can not defeat this action. The failure in the action in which the bond was executed gave the appellee 'a right to some damages. The measure of damages in cases where the failure to sustain the application is solely because of another action pending, may be, and perhaps is, different from that in which the failure is because of a want of meritorious ground for relief; but, however this may be, it is plain that there is some right of action in such cases. 2 High Injunctions, sec. 1624; 2 Sedgwick Measure of Damages, 208. The excluded evidence was clearly not admissible in bar of the action, for the reason that the appellee was entitled to recover the expenses incurred in securing its dissolution.

Was this record admissible in mitigation of damages? If the appellee was seeking a judgment for some loss by reason of the delay occasioned by the injunction, then the evidence would probably have been competent. In *Andrews* v. *The Glenville Woolen Co.*, 50 N. Y. 282, it was said: " On an assessment of damages, caused by an injunction which restrains

legal proceedings for the collection of a demand, it is not competent to go into the merits of the proceedings restrained, unless, perhaps, in a case where the party prosecuting the reference claims as damages the loss of his demand; where, as in this case, he merely seeks to recover his expenses of getting rid of the injunction, the merits of the proceeding restrained are not a proper subject of inquiry. If the restraint was wrongful the party restrained had a legal right to have it removed, and is entitled to his expenses reasonably incurred in establishing that right."

In dismissing his suit for an injunction, the appellant confessed that he had at that time no legal or equitable right to the relief sought, and the dismissal was a breach of the bond. *Reeves* v. *Andrews,* 7 Ind. 207; *Dowling* v. *Polack,* 18 Cal. 625; *Loomis* v. *Brown,* 16 Barb. 325. Where a party applies for an injunction and is forced to a dismissal by a plea in abatement, he can not, in an action upon the bond, have his right to another injunction determined. The dismissal of the action in which the bond was executed is such a breach as vests in the obligee a right of action for expenses incurred in making the necessary resistance; and in estimating damages in such a case, it is proper to take into consideration such reasonable attorney's fees as may have been necessarily paid, or contracted for in making the proper resistance. *Beeson* v. *Beeson,* 59 Ind. 97; *Raupman* v. *The City of Evansville,* 44 Ind. 392. As the appellee was entitled to recover such expenses as he incurred in opposing the application, and as he seeks no recovery on account of injury inflicted by the operation of the restraining order, the proceedings in the subsequent action wherein the merits of the controversy were determined were clearly not competent.

The case of *Jenkins* v. *Parkhill,* 25 Ind. 473, is not here in point. In that case a recovery was sought for injury resulting from the operation of the injunction; but here there is no such relief asked. The evidence and the instructions show that the only damages sought were such as grew out of the

resistance to the application for injunction, which was afterward dismissed. In *Starr* v. *Cass*, 23 Ind. 458, the plaintiff claimed that an injunction obtained against the officer had enabled the debtor, by preventing a levy, to dispose of his property, and thus defeated the collection of the plaintiff's judgment. It is evident that the case in hand bears no resemblance to the one cited.

In criticising the instructions of the court, counsel say that they are erroneous because they instruct the jury that counsel fees may be allowed for defending the suit, whereas only counsel fees for resisting the injunction are allowable. It is true that, where there is other relief sought, the counsel fees should be restricted to those necessarily incurred in defeating the injunction. 2 High Injunctions, sec. 1688. But where, as here, the only relief sought in the action in which the bond was executed is an injunction, counsel fees are properly awarded as to the entire suit.

We regard the second instruction as limiting the amount of the recovery to the expenses incurred in resisting the application for injunction. The portion of the instructions touching this point is as follows: "If the jury find for the plaintiffs, they will be entitled to a verdict for the damages and costs which accrued to them by reason of such injunction. This will include the reasonable expenses of the plaintiffs for necessary time spent and necessary expenses incurred, including attorney's fees in defending against said suit." Taking the instruction as an entirety, we think it properly limits the measure of damages. It is evident from the damages awarded —fifty-three dollars—that the jury understood the instruction as restricting the recovery to the expenses necessarily incurred in resisting the injunction.

Judgment affirmed.