HYATT ET AL. *v.* THE CITY OF WASHINGTON ET AL.

[No. 2,463.   Filed May 10, 1898.]

INJUNCTION.—*Bond.—Attorney's Fees.*—Attorney's fees for defending an injunction suit at the trial on the merits of the cause may be recovered in an action on the bond, although the injunction was not the sole object of the action. *pp. 149, 150.*

BONDS.—*Names of Sureties in Body of Bond.—Injunction.*—The fact that the names of the sureties on a bond filed in a suit for an injunction did not appear in the body of the bond cannot be questioned on appeal, where the court approved the bond upon issuing the restraining order. *p. 150.*

SAME.—*Injunction.—Obligees.*—Where the names of the mayor and marshal of a city were placed in a bond as obligees, filed in a suit against such city for an injunction, any rights under such bond would not accrue to such officers individually, but to them for the benefit of the city. *p. 150.*

From the Daviess Circuit Court.   *Affirmed.*

*A. J. Padgett* and *J. Alvin Padgett,* for appellants.

*C. K. Tharp,* for appellees.

ROBINSON, C. J.—Appellants, in a former suit, had obtained a temporary restraining order against appellees. The injunction bond was conditioned to pay appellees all damages and costs which might accrue to them by reason of the injunction, and restraining order which might be issued. On final hearing the injunction was dissolved. This action was brought upon the bond, to recover fees paid to counsel for services rendered at the trial of the case on its merits, which resulted in the dissolution of the injunction.

It appears that no motion was made nor services rendered in resisting or attempting to dissolve the temporary restraining order, and that the services rendered were at the trial of the case on its merits. And it is argued by appellant's counsel that such services do not come within the conditions of the bond, and that they are not damages resulting from the granting of the temporary restraining order. It is held that where the injunction is the sole object of the action, the necessity of paying counsel fees in defending the case on its merits is an actual damage sustained by reason of the injunction, and such fees may be recovered in an action on the bond. *Raupman* v. *City of Evansville,* 44 Ind. 392; *Noll* v. *Smith,* 68 Ind. 188. And it is further held that where other and additional relief is sought in such cases, counsel fees may be allowed, but that they should be restricted to such fees as are necessarily paid in defeating the injunction. And in the case at bar the record discloses that the trial court limited the recovery to the amount expended for fees on account of the injunction branch of the case. See *Robertson* v. *Smith,* 129 Ind. 422, 15 L. R. A. 273; 2 High on Injunctions, section 1688; *Swan* v. *Timmons,* 81 Ind. 243; *Beeson* v. *Beeson,* 59 Ind. 97.

While the above cases do not expressly so hold, yet, reasoning from the rules they declare, we are of the

opinion that the correct rule is that attorney's fees for defending an injunction suit at the trial on the merits may be recovered in an action on the bond, although the injunction was not the sole object of the action.

The names of the sureties do not appear in the body of the bond, but that is not material, as the court approved the bond when the restraining order was issued. *Griffin* v. *Wallace*, 66 Ind. 410; *Potter* v. *State*, 23 Ind. 550.

Construing the complaint and the bond, filed as an exhibit, together, it is evident that the city of Washington is the real party in interest. There is, in effect, but one obligee named in the bond. Any right accruing to the persons named in the bond as obligees would not, by the express terms of the bond, accrue to them as individuals, but as officers of the municipality. The two persons named are designated as "mayor of the city of Washington" and "marshal of the city of Washington" respectively, and as individuals they have no connection with the matter. This fact clearly distinguishes the case at bar from *Hildrup* v. *Brentano*, 16 Ill. App. 443, set out at length in appellants' brief. Judgment affirmed.