## BINFORD ET AL. v. GRIMES.

[No. 3,447.   Filed April 4, 1901.]

INJUNCTION BOND.—*Attorneys' Fees.*—Attorneys' fees are allowable as damages in an action on an injunction bond.  *p. 481.*

APPEAL AND ERROR.— *Evidence.*— Questions on the admissibility of evidence will not be considered on appeal where counsel fail to call the attention of the court to the place in the transcript where the evidence objected to may be found.  *pp. 481, 482.*

From the Montgomery Circuit Court.  *Affirmed.*

*Ira M. Sharp,* for appellants.
*Benjamin Crane* and *A. B. Anderson,* for appellee.

HENLEY, C. J.—This was an action upon an injunction bond executed by the appellants to the appellee in which bond appellant Binford was the principal and appellant Beesley was surety.  There was a trial and judgment in favor of appellee for $30 and costs.

Appellant contends that attorneys' fees are not allowable as damages in an action upon an injunction bond.  The Supreme Court of this State has held otherwise.  See *Raupman* v. *City of Evansville,* 44 Ind. 392; *Beeson* v. *Beeson,* 59 Ind. 97; *Swan* v. *Timmons,* 81 Ind. 243.  Also, see, *Robertson* v. *Smith,* 129 Ind. 422, 15 L. R. A. 273, and *Hyatt* v. *City of Washington,* 20 Ind. App. 148, 67 Am. St. 248, wherein it is held that where the injunction is not the sole object of the action, but other and additional relief is sought, fees paid for the services of attorneys in procuring the dissolution of the injunction may be recovered as damages.  The evidence as to the value of the services of the attorneys in the injunction proceeding was sufficient upon which to base the judgment.

The question, if any, arising upon the admissibility of the evidence objected to, will not be considered.  Counsel

VOL. 26—31

for appellant have failed to call the attention of the court to the place in the transcript where the evidence objected to may be found. The record presents no error.

Judgment affirmed.