Newman, J.
In the answer filed by the defendants in error in the .court of common pleas it *70 was admitted that an injunction had been granted in favor of The Sylvania Home Telephone Company, that a bond had been executed, and that the petition for the injunction had been dismissed and the injunction dissolved by the court of appeals. The common pleas court took the position that the only question in the case was as to the extent to which plaintiffs in error had been injured by reason of the issuance of the injunction.
The court of appeals in reversing the judgment of the common pleas court, and in rendering final judgment in favor • of defendants in error here, made the following finding: “The court finds that there is error apparent upon the record in the proceedings of said Court of Common Pleas to the prejudice of the plaintiffs in error in that, on the pleadings and record no legal foundation can exist upon which the judgment for damages entered in favor of defendants in error in this action can rest, and that substantial justice was not accomplished in the entry of a judgment for defendants in error and in that substantial justice under the provisions of Section 11364 can only be accomplished, by a final judgment in favor of plaintiffs in error.”
The reason for holding that no legal foundation existed upon which the judgment for damages in the action on the injunction bond could rest is not given in the journal entry. But in its opinion the court of appeals say that in view of the judgment of the supreme court in The Ashley Tri-County Mutl. Tel. Co. v. The New Ashley Tel. Co., 92 Ohio St., 336, decided July 2, 1915, the plaintiff in the injunction suit, The Sylvania Home Telephone *71 Company, o.ne of the defendants in error here, was entitled to an injunction and that its order made in 1914 dissolving the injunction was erroneous. The court of appeals in effect set aside and vacated the judgment rendered by it in a separate and distinct proceeding had two years before, and permitted the defendants in error to relitigate the question of the right to the injunction. We may assume for the purposes of this case that the same questions were presented in the Ashley case, supra, as were presented in the injunction proceeding in which the bond sued on in the instant case was given, that both cases called for a construction of the same section of the General Code, and that the court of appeals had placed a construction upon that section in 1914 different from that placed upon it by this court more than a year afterwards. Would these facts, had they been properly a part of the record in the case for review, have warranted a reversal of the judgment and a rendition of final judgment in favor of the defendants in error?
Under the provisions of the statutory bond upon which the action before us here was founded, the defendants in error obligated themselves in the sum of $1,000 to pay plaintiffs in error the damages they might sustain by reason of the injunction in the action, if it were finally decided that the injunction ought not to have been granted. As we have seen, it was admitted by the answer that the injunction had been issued, that the bond had been given, and that the injunction had been dissolved by the court of appeals. It seems to be well settled that the dissolution of an injunction is conclusive that it was *72 wrongfully issued. We do not know upon what theory the court of appeals could reopen the questions which were the subject-matter of the injunction suit, and, two years after the injunction had been dissolved, make inquiry as to whether or not the injunction was properly issued. The common pleas court was correct in limiting the inquiry by the jury to the amount of damages sustained by plaintiffs in error on account of the wrongful issuance of the injunction. Cummings, Kenney & Co. v. Mugge, 94 Ill., 186; Landis v. Wolfe, 206 Ill., 392; Dowling v. Polack, 18 Cal., 625; Swan v. Timmons, 81 Ind., 243; Andrews v. Glenville Woolen Co., 50 N. Y., 282; Fullerton v. Poole, 9 Wyo., 9.
In the case before us the principal and sureties on the injunction bond were made parties defendant. The language used by Owen, J., in Braiden v. Mercer, 44 Ohio St., 339, 343, is pertinent here: “An undertaking in an injunction proceeding is conditioned to secure the party enjoined the damages he may sustain if it be finally decided that the injunction ought not to have been granted. It has never been supposed that the sureties in an action against them could be heard to say that they were strangers to the injunction proceeding and that the decision of the court that the injunction ought not to have been granted should be disregarded and that question again litigated.” In other words, the rights and liabilities of the parties to the injunction bond, the obligees on the. one hand and the principal and sureties on the other, were fixed when it was finally determined that the in *73 junction ought not to have been granted. The effect of the holding of the court of appeals was that a subsequent decision rendered by the supreme court in a like injunction suit between different litigants vacated and set aside the judgment rendered by the court of appeals, thereby annulling the established rights of plaintiffs in error and relieving the defendants in error of all liability on the injunction bond.
In State, ex rel. The Sylvania Home Tel. Co., v. Richards et al., 94 Ohio St., 287, decided May 29, 1916, one of the defendants in error here, The Sylvania Home Telephone Company, applied to this court for a writ of mandamus to compel the court of appeals of Lucas county to certify the record in the injunction proceeding to this court, its application being based upon the ground that the judgment of that court of appeals was in conflict with judgments pronounced upon the same question by the courts of appeals of Delaware and Morrow counties. The judgment of the court of appeals of Delaware county was the judgment affirmed by this court in the Ashley case, supra, and was affirmed before the application for the writ of mandamus was filed. The writ was denied for the reason stated in the second proposition of the syllabus. It is said in the opinion, at page 295: “It must be kept in mind that in each case the jurisdiction of the courts is invoked to adjudicate the rights of the parties in that particular controversy; and when a judgment has been rendered in due course by a court of final jurisdiction the parties should not be left in doubt as to its finality or be led to speculate *74 on the possibility that a different court in a controversy between different parties may afterwards differently decide the legal questions involved. It frequently happens that a court of last resort overrules a reported decision formerly made by it, but no one would contend that the overruling operated to open afresh the controvery disposed of in the overruled case.”
It is equally true that where a court of appeals renders, a judgment and subsequently the supreme court in a case between other litigants involving the same question renders a different judgment, the court of appeals cannot open up the judgment ithe case decided by it and have relitigated a matter that had been finally disposed of. In Michael v. American Natl. Bank, 84 Ohio St., 370, it was held that where a cause has proceeded to trial and final judgment, a court of equity will not vacate or open up the judgment and grant a new trial of the same issue determined in the former hearing, in the absence of fraud or undue advantage by the prevailing party. No claim is made here that there was fraud or undue advantage, and if a court of equity cannot interfere, as was held in the Michael case, it certainly cannot be seriously contended that in an action at law for damages on an injunction bond theré is any authority for opening up the judgment rendered in the proceeding where the injunction bond was given.
In the journal entry in the court of appeals it is recited that “substantial justice was not accomplished in the entry of a judgment for defendants in error and in that substantial justice under the *75 provisions of Section 11364 can only be accomplished by a final judgment in favor of plaintiffs in error.” We are at a loss to see how the provisions of that section can be extended to cover a case such as we have here. It is provided in that section that in case the reviewing court shall determine and certify in its opinion substantial, justice has not been done to the party complaining as shown by the record such reviewing court shall proceed as provided in Section 12272, General Code, which section authorizes a reviewing court to render such judgment as the court below should have rendered, or remand the cause to that court for such judgment. But it is to be noted that the absence of substantial justice must be shown by the record, and this presupposes that the record discloses some error.' It certainly was not contemplated that a reviewing court might reverse a judgment or render final' judgment in a case where the record itself is free from error. The only issue that was, and the only issue that could have been, submitted to the jury in the instant case was as to the amount of damages sustained by plaintiffs in error. The matters upon which the court of appeals based its. judgment of reversal and final judgment, as we have endeavored to show, would not warrant such action on the part of the court even though such matters were presented by the record. As a matter of fact, they were not so presented, and the court of appeals is confined to a consideration of the record before it and cannot consider matters, outside of it and enter a judgment of reversal or final judgment upon the theory that substantial justice has not been done.
*76 But, finally, it is suggested by counsel for defendants in error, that, if this court should decide that the court of appeals did not have the right to enter final judgment, then that court should be directed to reverse the judgment on account of the several alleged errors which they set out in their brief and which were admittedly complained of by them in the court of appeals and presumably found not to have been well taken. We cannot agree with counsel that the admission of the evidence of which they complain and the so-called misconduct of the trial court warrant a reversal of the judgment of the common pleas court.

Judgment of the court of appeals reversed and that of the common pleas court affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.