CLEVENGER ET AL. v. GOLTRY.

[No. 11,936.    Filed November 7, 1924.]

1. INJUNCTION.—*Complaint on injunction bond held to show damages alleged were due to issuance of injunction.*—In an action on an injunction bond, allegation in the complaint that plaintiff had entered into a contract to sell certain lands, and was obliged to make a deed of conveyance within a certain time, and was prevented from so doing because of the restraining order and injunction, and was required to pay $300 damages because of not being able to perform her contract, *held* sufficient to show that the alleged damages were due to the issuance and continuance of the restraining order and injunction.    p. 114.

2. PLEADING.—*Objections to pleadings not pointed out in memorandum to demurrer are waived.*—Objections to the sufficiency of allegations in a complaint not pointed out in the memorandum to the demurrer are waived.    p. 115.

3. INJUNCTION.—*Right to sue on injunction bond exists where conveyance of realty was prevented by the injunction.*—In an action on an injunction bond, given in a suit to contest the will of a married woman who had given her entire estate to her husband, where the injunction was issued to prevent the disposal of certain real estate by the husband's grantee, *held* the grantee was entitled to sue on the injunction bond by reason of being unable to carry out her contract to sell such real estate and the fact that the contestants had no knowledge of such contract of sale was immaterial.    p. 116.

4. INJUNCTION.—*Attorney's fees allowed in action on injunction bond.*—In an action on an injunction bond, given in a suit to contest the will of a married woman, where the injunction was issued to restrain the husband's grantee from disposing of certain real estate, and the bond was conditioned as required by statute (§1210 Burns 1914, §1153 R. S. 1881) for the payment of all damages and costs which may accrue by reason of the injunction, *held* the grantor was not entitled to recover the value of the attorney's fees paid in defending the will contest on the merits, but only the value of services rendered in seeking to dissolve the injunction and it was error to refuse an instruction to that effect.    pp. 117, 120.

5. INJUNCTION.—*Evidence that sale of real estate was prevented by injunction held insufficient to show damages in the absence of evidence of valid offer in good faith to purchase.*—In an action on an injunction bond, given in a suit to contest the will of a married woman, where the injunction restrained the husband's grantee from disposing of certain real estate, it was

error for the court to refuse an instruction that the plaintiff was not entitled to damages for failure to sell said real estate, in the absence of evidence that an offer was made by one ready and able to buy and made in good faith.    p. 120.

6.   INJUNCTION.—*Damages recoverable because of being restrained from selling real estate do not include interest on mortgage thereon where rents exceed interest.*—In an action on an injunction bond for damages sustained by reason of a temporary injunction restraining plaintiff from disposing of certain real estate and fulfilling her contract for the sale thereof, she was not entitled to recover for interest paid on a mortgage on such land, which the prospective purchaser was to assume, since the plaintiff retained possession of the land and collected rents in excess of the interest.    p. 120.

From Fulton Circuit Court; *Albert Ward,* Special Judge.

Action by Daisy A. Goltry against Benjamin F. Clevenger and others.   From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*Charles C. Campbell* and *Rhodes & Rhodes,* for appellants.

*Holman, Bernetha & Miller,* for appellee. ·

McMAHAN, J.—Complaint by appellee in three paragraphs on an injunction bond and on a bond given by appellants in an action brought by them to contest and set aside the probate of the purported last will and testament of Nancy Graham.

The first paragraph alleged that appellants commenced an action in August, 1913, to contest the will of Mrs. Graham and to set aside a conveyance of real estate which she had made to her husband, William H. Graham; that William H. Graham having died testate pending that action, an amended complaint was filed therein asking for an injunction against the executor of the last will of William H. Graham, the legatees named in his will and appellee; that thereafter the plaintiffs in said action obtained a restraining order restraining appellee from selling any of the property

"of the deceased, or which she owned in her lifetime," and which order restrained appellee from disposing of the real estate owned by her and which belonged to Mrs. Graham in her lifetime; that when the restraining bond was filed and the restraining order was issued, appellee was the owner of two certain described tracts of land, one containing eighty acres and the other thirty-two acres which had been given to Mr. Graham by the last will and testament of Mrs. Graham and which he had conveyed to appellee; that prior to the commencement of the action to contest said will and before the execution of said bond appellee had entered into an agreement with Abner Churchill whereby she had agreed to sell him said eighty acres and to furnish an abstract showing a merchantable title thereto and to convey said land within a named period, but that she was unable to convey and was prevented from conveying said real estate by reason of said injunction and restraining order and was compelled to pay $300 damages on account of her failure to convey. It is also alleged that there was a mortgage on said land securing an indebtedness of $1,500 with six per cent. interest which the purchaser had assumed and agreed to pay, and that by reason of not being able to convey according to her contract, and because of the restraining order, appellee was compelled to pay the interest on said indebtedness, amounting to $400.

It also alleged that the thirty-two acres was worth $3,600 at the time the restraining order was issued; that appellee was thereafter offered $3,600 therefor and that she was prevented from selling the same by reason of the restraining order; that when the restraining order was finally dissolved and judgment rendered for appellee, this land had depreciated in value, and that she was compelled to sell the same for $3,000 which

was the best price then obtainable; that the injunction continued in force until the trial of the cause when there was a judgment entered in favor of appellee and denying the plaintiffs therein any relief; that appellee employed an attorney to defend said action and that such attorney represented her until the cause was finally determined and that the reasonable value of such attorney's services was $585 which appellee was required to and did pay.

The second and third paragraphs are in substance the same as the first except that the second paragraph contains the additional allegation that appellants prosecuted an appeal to this court from the decree of the court denying them relief, and that pending that appeal they commenced another action against appellee and in connection therewith applied for a temporary injunction enjoining her from selling any of the real estate which had theretofore been owned by Mr. Graham, and in order to secure such injunction gave bond to the approval of the court to pay appellee any damages sustained by her, that this last temporary injunction was granted and remained in force until the said appeal was disposed of and the judgment of the trial court affirmed, after which appellants dismissed their complaint and that appellee also employed an attorney who appeared for her in this last action.

The third paragraph in addition to the facts alleged in the first, alleged specifically the issuing of the temporary restraining order and that thereafter the same · was on application of the plaintiffs therein converted into a temporary injunction which continued in force until the final decree therein. Copies of the bonds were made a part of each paragraph of complaint.

There was a trial by jury which resulted in a verdict and judgment in favor of appellee for $500.

The errors properly assigned relate to the action of the court in overruling a motion to make each paragraph of complaint more specific, in overruling a demurrer to each paragraph of complaint and in overruling appellant's motion for a new trial.

Each paragraph of complaint alleged that appellee employed an attorney in the action to contest the will of Mrs. Graham, that such attorney represented her in the various steps in said action in the trial court and also in this court on appeal and that the reasonable value of such attorney's services was $585 and which she paid.

Appellants in their motion to make more specific asked that appellee be required to make each paragraph more specific by stating what portion of the attorney fees paid by her was for services rendered in resisting the restraining order and injunction. The consideration of the effect of overruling this motion will be postponed until after the action of the court in overruling the motion for a new trial is disposed of.

The memorandum accompanying the demurrer to the several paragraphs of complaint states five reasons why neither paragraph states facts sufficient to constitute a cause of action. The first four reasons are too general to present any question. The fifth reason assigned is that neither paragraph shows that the alleged damages were due to the issuance and continuance of the restraining order and injunction.

Without entering into an extended discussion of the allegations of the several paragraphs of complaint and the damages which are alleged therein, it is sufficient to say that each paragraph specifically alleges that appellee had entered into a contract to sell the eighty-acre tract and was obligated to make a deed conveying the same to the purchaser within a certain time and that she was prevented from so

doing because of the restraining order and injunction, and that she was required to and did pay $300 as damages because of not being able to perform her contract. This allegation was sufficient as against the objections pointed out in the memorandum.

Appellants also contend that the complaint failed to allege the value of the land at the time of the issuance and dissolution of the restraining order and that there is no allegation that the contract to sell was a valid and binding contract. No such objections were pointed out in the memorandum to the demurrer and were thereby waived. Each paragraph of complaint is sufficient to authorize a recovery of the $300 which appellee alleged she was required to pay as damages on account of not being able to carry out the contract to convey the eighty acres. The complaint being sufficient as to the right to recover such damages, we need not discuss appellants' other objections to the complaint.

Appellants next contend that the verdict is not sustained by sufficient evidence and that it is contrary to law. In this connection it is insisted: (1) There is no evidence that appellee was in any manner restrained or affected by the restraining order and injunction issued in the action wherein the bond was given, the contention being that the injunction only applied to the defendants who were named as beneficiaries and the executor in the will of Mr. Graham and only restrained the sale of the property and estate of Mr. Graham; (2) that appellee having obtained her title to the land prior to the death of Mr. Graham and not being a beneficiary under his will was not affected by the injunction; (3) that the injunction did not apply to or restrain the sale of the land which Mr. Graham had conveyed to appellee; (4) that appellee conveyed the eighty-acre tract regardless of the injunction; (5) that there is

no evidence that appellants knew of the contract for the sale of the eighty acres or of its terms so as to render them liable for damages on account of the failure of appellee to carry out its terms; and (6) that there is no evidence of the amount paid for or the value of the attorney's fee for services rendered in attempting to dissolve or resist the injunction.

There is no merit in contentions one to five. The two tracts of land which Mr. Graham had conveyed to appellee were described in the complaint and were alleged to have been owned by Mrs. Graham at the time of her death and covered, both by the will of Mrs. Graham which was being contested and by the deeds from Mrs. Graham to her husband which had been attacked on account of the unsoundness of the mind of Mrs. Graham. Appellee's title depended upon the validity of the deed from Mr. Graham who derived his title through the will which was contested. Mrs. Graham had been married prior to her marriage to Mr. Graham. She had no children by her last marriage. Appellee was the sole and only descendant of Mrs. Graham, she being a granddaughter by virtue of the first marriage. Appellee began proceedings to contest the will of Mrs. Graham giving the whole of her estate to her childless second husband. That action was settled and compromised by Mr. Graham giving appellee a deed for the eighty and thirty-two acre tracts heretofore mentioned and by appellee conveying to Mr. Graham certain other real estate owned by Mrs. Graham at the time of her death. Appellee having settled and compromised that action was in no position thereafter to contest such will, or to question the validity of the deed from Mrs. Graham to her husband. Her title to the land deeded to her by Mr. Graham depended upon her ability to defeat appellants in their action to establish a former will and to contest the last will of Mrs.

Graham. She was an interested party and properly made a defendant and was included in the restraining order and temporary injunction. She resisted the action of the court converting the restraining order into a temporary injunction and later filed a motion to dissolve the temporary injunction. Appellants resisted that motion and it was overruled and the injunction continued in force until the trial on the merits when it was dissolved.

All the parties acted upon the theory that appellee was included in the injunction and being unable to have the injunction dissolved she obeyed the same, paid $300 damages because she was unable to carry out her contract to sell. She later entered into a second contract to sell and while the deed to the purchaser was signed and acknowledged while the injunction was in force it was not finally executed by delivery until the proceedings were disposed of in this court on appeal. The fact that appellants had no knowledge of the existence of her contract to sell is immaterial.

The contention relative to the value of the attorney fee proved and allowable presents a more serious question. As heretofore stated the action wherein

4. the bond was given, was brought to contest the will of Mrs. Graham giving the whole of her estate to her husband, to set aside certain deeds made by her to her husband and to establish and probate a former will. The injunction bond was conditioned as required by statute (§1210 Burns 1914, §1153 R. S. 1881) "for the payment of all damages and costs which may accrue by reason of the injunction or restraining order." The only evidence relating to the payment of attorney fees or the value thereof is that it took ten or twelve days to try the case on the merits, that the value of the attorney's fees for trying the case on the merits was $25 per day, and that appellee paid her at-

torney $585 for services rendered in the action up to the final determination on appeal. The value of the services rendered by the attorney other than on the trial of the cause is not proved. Appellants' contention is that since there is no evidence as to the value of the services of the attorney in resisting or attempting to dissolve the restraining order and injunction, distinguished from the value of the services of the attorney for the trial on the merits or as a whole, appellee is not entitled to recover anything as damages on account of attorney fees. Appellee contends that the only relief sought against her was an injunction and that she is entitled to recover the value of the attorney fees necessarily paid by her in trying the case on the merits.

In *Hyatt* v. *City of Washington* (1898), 20 Ind. App. 148, the recovery was limited to the amount expended for attorney fees on account of the injunction branch of the case. In *Robertson* v. *Smith* (1891), 129 Ind. 422, the complaint was to recover attorney's fees incident to resisting the application for injunction and procuring its dissolution. The trial court overruled a demurrer to an answer admitting the execution of the bond, but alleging that the sole object of the suit was not for the purpose of procuring the injunction but was for that and other purposes. The Supreme Court reversed the cause because of the error in overruling the demurrer and said: "We are of the opinion that the correct rule is to allow attorney's fees, and like expenses, in so far as it relates to services rendered in resisting the making of the injunction, or in procuring its dissolution, although other matters may be involved in the litigation." In *Raupmam* v. *City of Evansville* (1873), 44 Ind. 392, the only relief to which the party giving the bond was entitled was an injunction. The whole defense related to the injunction and that alone. In *Swan* v. *Timmons* (1881), 81 Ind. 243, the appel-

lant contended the instructions were erroneous because they instructed the jury that attorney fees might be allowed for defending the suit, whereas such fees were only allowable for resisting the injunction. The court, however, held that the instructions limited the amount of the recovery to the expense incurred in resisting the application for injunction, and said: "It is true that, where there is other relief sought, the counsel fees should be restricted to those necessarily incurred in defeating the injunction. 2 High Injunctions, sec. 1688. But where, as here, the only relief sought in the action in which the bond was executed is an injunction, counsel fees are properly awarded as to the entire suit."

The entire relief sought by the appellants was not a perpetual injunction against appellee. The object of their complaint was to contest the will of Mrs. Graham which had been probated, to have the probate thereof set aside, to have the deeds which she made to her husband set aside and to establish a former will and to probate the same when established. The temporary injunction was an ancillary writ which the parties could apply for or not, as they deemed proper. They could have prosecuted their suit against all the defendants in that action without asking for the temporary injunction, the only purpose of which was to keep the property in *status quo* until final judgment. And as was said in *Lambert* v. *Alcron* (1893), 144 Ill. 313, 33 N. E. 53, 21 L. R. A. 611: "In a litigation of this character, the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite,* in case one has been issued, as they are in cases where relief of a different character is sought." To the same effect see *Reece* v. *Northway* (1882), 58 Iowa 187, 12 N. W. 258.

The sixth instruction tendered by appellants if given would have informed the jury that no damages could be allowed appellee on account of her failure to sell the thirty-two acre tract of land. The only evidence bearing upon the question of damages because of being restrained from selling this tract, was that sometime pending the injunction appellee was *offered* $3,600 for that tract of land and that sometime after the dissolution of the injunction she sold it for $3,000. There was no evidence that the offer was made by any one who was ready and able to buy, or that it was made in good faith. The offer if made, may have been made by some irresponsible person and without any intention that it should be accepted. The contention of appellee that the substance of this instruction was covered by other instructions given cannot be sustained. There being no evidence to authorize the allowance of any damages on account of being enjoined from selling this tract of land, appellants' instruction to that effect should have been given.

Instruction No. 14, tendered by appellants was to the effect that no recovery could be had on account of attorney fees paid in defense of the cause in which the injunction bond had been given because there was no evidence as to the value of the attorney's services rendered in connection with the dissolution of the temporary restraining order and injunction. In harmony with what we have heretofore said, this instruction should have been given as there is no evidence as to the value of the services rendered by the attorney in resisting the injunction.

Complaint is also made of the refusal to give an instruction to the effect that appellee was not entitled to recover anything because of interest paid on the $1,500, and in giving an instruction to the effect that. the payment of such interest was a

matter that the jury had a right to consider in fixing the amount of recovery in case of a verdict in favor of appellee.

Appellee in her attempt to sustain the action of the court says that under the contract between herself and Mr. Churchill, the latter was to assume and pay the mortgage, and that on account of being enjoined from selling the land she was compelled to pay the interest which, in case she had not been enjoined she would not have been required to pay. We do not so understand the contract of sale. The original contract was not introduced in evidence. According to the second contract, which was introduced in evidence, the mortgage indebtedness of $1,500 was to be deducted from the purchase price. If it was to be assumed and paid by the purchaser, it does not necessarily follow that appellee was entitled to recover for the interest subsequently paid. This $1,500 was a part of the capital invested in the eighty acres, and it is clear that appellee continued in possession of the land and there is evidence to justify the conclusion that the rental value of the farm during the time injunction was in force, was at least $300 per year. This being true we fail to see how appellee was damaged by paying $90 interest each year when she was receiving rents at the rate of $300 a year. We therefore hold that under the evidence appellee was not entitled to recover anything because of the interest paid on the mortgage indebtedness.

In a consideration of the question involved in this appeal and the purpose and effect of the temporary injunction for which the bond was given, it is important to keep in mind the fact that the plaintiffs in that action were not heirs of Mrs. Graham. Their right to prosecute that action rested upon the alleged fact that Mrs. Graham, had theretofore made a will in which

she devised each of them an interest in the real estate, described in their complaint. Their alleged right to contest the last will and the deeds to Mr. Graham failed when the court refused to establish and probate the will which had been destroyed. And in this connection it is important to keep in mind that all of the real estate owned by Mrs. Graham came to her by virtue of a former marriage; that she had no children by virtue of her second marriage, and appellee being a descendant of Mrs. Graham by the first marriage, the latter could not with or without her hubsand's consent alienate or dispose of any part of such real estate, unless appellee was twenty-one years old and joined in the conveyance. §3015 Burns 1914, §2481 R. S. 1881; *Kemery* v. *Zeigler* (1912), 176 Ind. 660.

Appellants' motion for a new trial should have been sustained.

Judgment reversed, with directions to sustain the motion for a new trial and for further proceedings consistent with this opinion.